### *JOSEPH S. TURNER v. FRANK L. REED ET AL.

1. PREFERENTIAL MORTGAGES INURING TO ALL CREDITORS.

Where it appears that the execution of the deed of assignment and of the preferential chattel mortgages was made at one time, and in furtherance of a general purpose to make a general assignment for the benefit of creditors under the statute: Held, that the preferential mortgages and the deed of assignment are parts of the same transaction, and under sec. 6343, Rev. Stat., all inure to the equal benefit of all the creditors.

2. ON SEPARATE PIECES OF PAPER.

The fact that the chattel mortgages were written upon a separate piece of paper from the deed of assignment, can give them no force.

The defendant Frank L. Reed, a merchant, being insolvent, was sued by the plaintiff, one of his creditors, before a justice of the peace. While suit was pending, on Saturday evening, he called upon his attorney, and executed three chattel mortgages and a deed of assignment. On the same evening he delivered the several mortgages to the several mortgagees, had them sworn to, and on that evening, at a late hour, and at an early hour on Monday morning following, filed the mortgages, a few minutes intervening, so as to give preference, and then filed the deed of assignment.

The court held that Frank L. Reed was insolvent, and, contemplating the making of a general assignment of all his property, executed the chattel mortgages. That the giving of the mortgages and the execution of the deed of assignment, were made in contemplation of insolvency. That the chattel mortgages and deed of assignment covered substantially the same property, and its value was not sufficient to discharge the claim of the first mortgagee; and that the preferential mortgages and the deed of assignment were parts of the same transaction, and were within the operation of sec. 6343, Rev. Stat. of Ohio, and, therefore, inure to the equal benefit of all his creditors.

The pleadings and the evidence show that the execution of the deed of assignment and the chattel mortgages, were made at one time, and in furtherance of a general purpose to make an assignment and at the same time prefer a part of his creditors.

This the law, in plain terms, inhibits by the section referred to, and the law can not be defeated or abrogated by these indirect methods.

The court will look at the intention of the party at the time he executes his deed of assignment and the preferential mortgages.

The fact that the chattel mortgages were written upon different pieces of paper, and the preferences were not included in the deed of assignment, can give to them no force, if all the instruments were "made in contemplation of insolvency with intent to prefer one or more creditors."

In this case it was an admitted fact that Reed had concluded to surrender all his property, which would have been subject to levy of execution upon the very day the deed of assignment was filed; and having so determined to yield up his property, he engaged counsel, and had prepared at one time the four instruments referred to. The execution of the mortgages and the deed of assignment, being parts of one single transaction and one purpose, it renders void all preferences, not only by the words, but the very spirit of the statutes.

A. T. Holcomb, for plaintiff in error.

Duncan Livingstone, for defendants in error.

---

* This case is followed in Sylvester v. Hesslein, 3 Ohio Circ. Dec. 000 (s. c. 5 O. C. C., 272). See Bank v. Bank <span><em>ante</em></span> 295, and note thereto.